# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Bank of New York as Trustee for the<br>Certificateholders CWABS, Inc. Asset-Backed<br>Certificates, Series 2006-21<br>1800 Tapo Canyon Road<br>Mail Stop #SV-103<br>Simi Valley, CA 93063<br>　　　　　　　　　*Plaintiff*<br>　　vs.<br><br>Chris E. Eberhardt<br>204 Bellis Court<br>Stroudsburg, PA 18360<br><br>　　and<br><br>Mary C. Eberhardt<br>204 Bellis Court<br>Stroudsburg, PA 18360<br>　　　　　　　　　*Defendants* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. _____ |

## COMPLAINT IN MORTGAGE FORECLOSURE

The Plaintiff, Bank of New York as Trustee for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2006-21, by and through its attorney Margaret Gairo, Esquire, and McCabe, Weisberg & Conway, P.C., for its Complaint in Mortgage Foreclosure, avers as follows:

　　1.　　The Plaintiff is Bank of New York as Trustee for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2006-21, a corporation duly organized under the laws of New York and doing business with its principal place of business at 1800 Tapo Canyon Road, Mail Stop #SV-103, Simi Valley, CA 93063

　　2.　　The Defendant is Chris E. Eberhardt, the mortgagor and real owner of the property hereinafter described, whose last-known address is 204 Bellis Court, Stroudsburg, PA 18360.

3. The Defendant is Mary C. Eberhardt, the mortgagor and real owner of the property hereinafter described, whose last-known address is 204 Bellis Court, Stroudsburg, PA 18360.

4. The Plaintiff is a corporation incorporated under the laws of New York and having its principal place of business in the State of California, and the Defendants are citizens of the Commonwealth of Pennsylvania. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332.

5. On September 26, 2006, the Defendants made, executed and delivered a mortgage upon the premises hereinafter described to Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc., which mortgage was recorded in the Office of the Recorder of Monroe County on October 13, 2006 in Mortgage Book 2284, Page 1857.

6. The aforesaid mortgage was thereafter assigned by Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc. to Bank of New York as Trustee for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2006-21, which assignment will be duly recorded in the Office of the Recorder of Monroe County.

7. The premises subject to said mortgage is described in the Indenture attached hereto as Exhibit "A," and is known as 204 Bellis Court, Stroudsburg, PA 18360.

8. The mortgage is in default because monthly payments of principal and interest upon said mortgage due March 1, 2007, and each month thereafter are due and unpaid, and by the terms of said mortgage, upon default in such payments for a period of one month, the entire principal balance and all interest due thereon are collectible forthwith.

9. The following amounts are due on the mortgage:

| | |
|---|---:|
| Principal Balance | $ 390,000.00 |
| Interest through 7/07/07 | 14,275.30 |
| (Plus $92.08 per diem thereafter) | |
| Attorney's Fee | 19,500.00 |
| Late Charges | 690.65 |
| Corporate Advances | 332.50 |
| Title Search | 200.00 |
| GRAND TOTAL | $ 424,998.45 |

10. The attorney's fees set forth above are in conformity with the mortgage documents and Pennsylvania Law and will be collected in the event of a third party purchaser at the Marshal's Sale. If the mortgage is reinstated prior to the Marshal's Sale, reasonable attorney's fees will be charged based on work actually performed.

11. Notice of Intention to Foreclose as required by Act 6 of 1974 (41 P.S. §403) and notice required by the Emergency Mortgage Assistance Act of 1983 as amended under 12 PA Code Chapter 13, et seq., commonly known as the Combined Notice of Delinquency has been sent to the Defendants by regular and certified mail.

WHEREFORE, Bank of New York as Trustee for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2006-21, respectfully requests this Honorable Court enter Judgment in favor of the Plaintiff and against the Defendants in the sum of $424,998.45, together with interest at the rate of $92.08 per diem, and other costs and charges collectible under the mortgage and for the foreclosure and sale of the mortgaged property, and for such other and additional relief as is just.

                                        Respectfully submitted,
                                        McCABE, WEISBERG & CONWAY, P.C.

Dated: July 13, 2007                    /s/ Margaret Gairo
                                        MARGARET GAIRO, Esquire
                                        Attorney for the Plaintiff
                                        123 South Broad Street, Suite 2080
                                        Philadelphia, PA 19109
                                        Telephone: (215) 790-1010
                                        Facsimile: (215) 790-1274

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Bank of New York as Trustee for the :
Certificateholders CWABS, Inc. Asset-Backed :
Certificates, Series 2006-21 :
1800 Tapo Canyon Road :
Mail Stop #SV-103 :
Simi Valley, CA 93063 :
                      *Plaintiff* :
   vs. :   Civil Action No. _____
                                      :
Chris E. Eberhardt :
204 Bellis Court :
Stroudsburg, PA 18360 :
   and :
Mary C. Eberhardt :
204 Bellis Court :
Stroudsburg, PA 18360 :
                     *Defendants*

## SUMMONS

*To the above named Defendant*:    CHRIS E. EBERHARDT
                                           204 Bellis Court
                                           Stroudsburg, PA 18360

You are hereby summoned and required to serve upon Margaret Gairo, Esquire, of McCabe, Weisberg & Conway, P.C., plaintiff's attorney, whose address is 123 South Broad Street, Suite 2080, Philadelphia, Pennsylvania 19109, an answer to the complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

                                                                           _____
                                                                               Clerk of Court

[Seal of the U.S. District Court.]
Dated:_____

(This summons is issued pursuant to Rule 4 of the Federal Rules of Civil Procedure)

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Bank of New York as Trustee for the :
Certificateholders CWABS, Inc. Asset-Backed :
Certificates, Series 2006-21 :
1800 Tapo Canyon Road :
Mail Stop #SV-103 :
Simi Valley, CA 93063 :
                            *Plaintiff* :
   vs. : Civil Action No. _____
                                    :
Chris E. Eberhardt :
204 Bellis Court :
Stroudsburg, PA 18360 :
   and :
Mary C. Eberhardt :
204 Bellis Court :
Stroudsburg, PA 18360 :
                            *Defendants*

## SUMMONS

*To the above named Defendant*:     MARY C. EBERHARDT
                                                  204 Bellis Court
                                                  Stroudsburg, PA 18360

     You are hereby summoned and required to serve upon Margaret Gairo, Esquire, of McCabe, Weisberg & Conway, P.C., plaintiff's attorney, whose address is 123 South Broad Street, Suite 2080, Philadelphia, Pennsylvania 19109, an answer to the complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

                                                            _____
                                                                         Clerk of Court

[Seal of the U.S. District Court.]
Dated:_____

(This summons is issued pursuant to Rule 4 of the Federal Rules of Civil Procedure)